Our second day of oral argument this week. Judge Rosenbaum and I are honored and pleased to have Judge Danny Boggs of the Sixth Circuit sitting with us. President Reagan appointed him to that court and among other things he served as Chief Judge of that court and has sat with us before and he is, as I often say, a full-fledged and fully authorized member of this court. He has as much to say about the decisions as Judge Rosenbaum and I do and he's a full load-bearing judge so I tend to sign him his share of the opinions. Lay it on me. That's right. So if you get one that Mr. or Judge Percurium writes and you don't like it, he did it. It wasn't one of us. That said, first case up is United States v. McLellan. Ms. Rogers Good morning. May it please the court. I'm Kristen Rogers and I represent the defendant appellant Dustin McLellan in this case. The case involves application of two recent Supreme Court decisions, rehafe and sit to Mr. McLellan's convictions for illegal firearm possession and to his sentence that was imposed under the Armed Career Criminal Act. Mr. McLellan's convictions have been invalidated by rehafe. Our rehafe argument has two components. First, the rehafe error in Mr. McLellan's indictment is jurisdictional. Second, assuming no jurisdictional error, our fallback position is that the rehafe errors in the case, in the indictment, the trial, and the guilty plea are plain and harmful errors that are worthy of correction by this court. With respect to the jurisdictional argument, rehafe of course holds that the mens rea element applicable in the felon and possession statutes applies to the status element as well as to the possession element. The knowledge of status element derives from 18 U.S.C. 924A2 and not from 18 U.S.C. 922G. Now 922G is not a self-executing statute. It is not a criminal offense in and of itself. Because Mr. McLellan's indictment does not cite or track the operative criminal statute, section 924A2, it doesn't state a complete offense against the laws of the United States, which is necessary to confer jurisdiction on this court under section 32 or on the district court under section 3231. Our argument is that this type of indictment error falls under this court's Mecham line of indictment error cases and not under the Cotton mere omission of an element line of cases. Now our fallback argument, of course, is under the plain error standard. The government has conceded that the errors are plain. They have at least conceded that the trial and guilty plea errors are plain. With respect to the indictment, this court has previously held that the omission of an element in an indictment is forgivable where the correct statute is cited in the indictment or where the indictment tracks the language of the correct statute. And the indictment in this case did neither of those things. With respect to the grave error at trial, there was no evidence presented at trial in this case from which knowledge can be inferred. Now the government has relied on the old chief stipulation at trial, but the old chief stipulation does not tell us anything about the defendant's state of mind at the time he possessed the firearm. From the old chief stipulation, it can at best be inferred that he knew at the time he made the stipulation that he had the necessary prior conviction that had a penalty of more than one year in prison. Yeah, what about the Williams, Keene crime cases? In other words, Judge DuBose made it as clear as she could twice that this really doesn't matter. I'd give him the same sentence regardless. I would do it with ten and five consecutive. On the STIT issue, on the ACCA issue, our response to  to achieve a 15-year sentence in the case without the ACCA, the court has to affirm Mr. McClellan's convictions on both counts because the statutory maximum will be ten years without the ACCA. Our second argument with respect to harmless error is that the ACCA sets the statutory range, not merely the guidelines range, and so it takes it outside the Keene jurisprudence. And finally, the district court, when she stated that alternative sentence, she believed the correctly calculated guideline range to be 262 to 327 months. Without the ACCA in this case, the guideline range would be 77 to 96 months, which means that the 15-year sentence would be more than double the high end of the correctly calculated guidelines range. And that would be a remarkable upward variance in a nonviolent gun possession case such as this. I need to address this court's decision in Reed with respect to the substantial rights issue on the Rahafe issue. We believe that Reed should be limited to its facts. In that case, the defendant had testified at trial that he knew he could not possess a firearm, and that fact standing alone was sufficient to justify the outcome in the Reed case. But also, there's no support for the entire record ruling in the Reed case. Prior sufficiency of the evidence law does not permit the court to review evidence submitted at sentencing to determine if the trial evidence is sufficient to sustain the conviction. And the cases that Reed cites in support of that proposition simply don't support the proposition. Counselor, could I ask you, in terms of where this case lies or stands in the range of many, many cases that are extant now, that is, is your argument with respect to Rahafe really any different from almost anybody who is on appeal from a gun possession charge of this sort, where before Rahafe they generally did not put on evidence of knowledge? That is, if you succeed on this, should not almost everybody who is on appeal from 922G succeed? I have two responses to that. First, the Eleventh Circuit has a rather unique line of cases dealing with indictment errors that don't state, or the other circuits don't have that case law, and so decisions from other circuits on the indictment jurisdictional issue are not going to be terribly helpful to this court in resolving that issue. My second response to that question, and this relates to substantial rights as to both the trial and the plea convictions, is that in this case the government charged one prior conviction in the indictment as the basis for the 922G charge. And that conviction is the only prior conviction the defendant has where he did not serve more than a year in prison. He received an initial suspended sentence to probation. He did six months in boot camp. Does that go to a point of simply whether it's plausible he knew that he was a felon? Somebody else, let's say, who was charged and actually did ten years, you'd have to say, well, of course he knew he was a felon, but wouldn't your argument or a colleague's argument be you simply can't assume that if no proof was submitted? Correct. The Supreme Court suggested in Rahafe that that is precisely a scenario in which a defendant might not have knowledge. But isn't the problem here, I mean, since we are looking at whether the substantial rights were affected, don't we have to look at whether there's evidence that he knew, and in this case we know he was in prison for ten years, I guess, on the same charge, well, a different charge, but the same offense as was charged in the indictment. So why doesn't that suffice? Well, the standard is whether there's a reasonable probability of a different result. And especially with respect to the trial in this case, the fact that the indictment charged that one prior offense in which he did not serve more than a year in prison. Our position is that the government would have had to have proven his knowledge with respect to that one prior at trial, and they couldn't have done it. But was it the maximum sentence in that case more than a year? The maximum sentence was more than a year. And don't we know we can take judicial notice of Alabama law that it requires judges  Rahay requires actual knowledge of status and just because state law requires the state judge to inform the defendant of the maximum sentence doesn't mean he actually did. Yeah, but it means there's probably not a substantial likelihood of any prejudice because we have to assume that people know and follow judges know and follow the law. I mean, we've got decisions saying that. So what you're saying is maybe even though the Alabama law requires it, maybe speculating this particular judge for whatever reason didn't follow Alabama law. Well, I mean, I simply disagree that the government could have proven it based simply on the fact that Alabama law requires it because I think Rahay requires the government to prove the defendant actually knew. Yeah, but what we're talking here is whether there's a substantial likelihood of a different result had they applied Rahay at the sentencing. Reasonable likelihood of a different result. Right. And I think the reason Reasonable if you preserve the error. But if you're kicked into the plain error deal, the third prong is substantial. Well, it just has to be harmful. And I think it was harmful in this case because I don't think the government could have proved it based upon this record. If the court doesn't mind, I'll switch to the Stitt argument. Sure. Mr. McClellan's ACCA enhanced sentence, which was premised on McClellan's prior convictions under the Alabama first degree burglary statute, has been undermined by Stitt. This argument like our Rahay argument also has two components. A statutory construction component and then the Stitt analysis. We argue that dwelling in the definition of which in the Alabama first degree burglary statute incorporates the definition of building such that the Alabama statute covers any structure including any vehicle used or normally used by a person for sleeping living or lodging. Now, this construction is supported by the plain language of the statutory provisions and by this court's prior decision in Lockett, which construed a materially identical statute from South Carolina. This construction is also supported by the statutory commentary and state case law. In the commentary, a mobile home or house trailer is identified as both a dwelling and a vehicle and in Morris v. State, the Alabama Court of Criminal Appeals published a decision that involved application of the first degree burglary statute to a mobile home. Now, Stitt holds that in order for a vehicle to be covered by a vehicle adapted or customarily used for overnight accommodation because the term any vehicle used for sleeping, living, or lodging in the Alabama statutes captures ordinary vehicles in which a person happens to be sleeping or living as opposed to a vehicle adapted or designed for sleeping or living. The Alabama statute is broader than generic burglary. The focus of the Alabama statute is on how a vehicle is used at the time of the crime rather than the static physical attributes, the design and nature of the vehicle that Stitt focused on. I thought the court instead upheld the Arkansas statute. The court upheld the Arkansas statute and remanded the Arkansas statute back to the Eighth Circuit for the determination whether it covered ordinary vehicles and the implication was that generic burglary does not cover ordinary vehicles that are being used for overnight accommodation as opposed to being designed for overnight accommodation. I don't know if that was the implication or the implication was it hadn't been addressed and we'll give them the first bite at it. I see I'm out of time, Judge Carnes. Okay. You've got your full three in reply. We'll hear now from Mr. Gray. Thank you. Thank you and may it please the court. Briefly, the appellant contends in this case that this court and the district court now lack jurisdiction over the case. That's not correct. The indictment in this case while potentially deficient was not jurisdictionally deficient in the light of Ray Haif. It's worth noting that Ray Haif certainly was not a jurisdictional case. It addressed a claim of trial error in the ultimate standard of proof. Thus, the United States position is that this case that this court has jurisdiction over the case and that the facts in this case fall comfortably within the framework that this court outlined in Reed and that other courts of appeals have outlined when they have considered similar claims by felons who were in possession of firearms. And with that, with the court's permission, I would turn to the looking first at the ACCA issue. I think that there are two elements that the court should consider. The first being what the Alabama burglary statute says and the second being what the Supreme Court and what this court has said about burglary statutes. So Alabama's burglary statute, its first degree burglary statute, the one at issue in this case contemplates the burglary of a dwelling. The term dwelling is defined in Alabama law with a meaningful qualification limiting it to overnight accommodations to the places where people live, the places where people inhabit. Now, there is this issue where building is also defined in the statute. That being said, the term building, which is what this court confronted in Howard, and the term dwelling have never been coextensive. The term dwelling has always been substantially more limited than the term building. And what the Supreme Court said instead is that that matters. The court instead built on what the Supreme Court had said a couple of decades earlier in Taylor, which is that the definition of burglary, while being generic, also is contemporary, which means that it accounts for the ways in which people live today. And living situations, quite frankly, are a bit different today than they were in the common law burglary statutes or the common law burglary regime, which predated many of the modern burglary statutes. Stitt took that analysis one step further and essentially said that the Taylor court meant what it said. That when people live in less conventional accommodations and vehicles that have been designed for the purpose of habitation or vehicles that are customarily used for that purpose, they're covered. Your colleague says that Keene does not apply here because the statutory maximum for each of the two crimes that Mr. McClellan was convicted of, each one individually does not amount to 15 years, which would be the ACA one. What is your position with respect to whether Keene can apply under those circumstances? Yes, Your Honor. I respectfully disagree with the defendant's position and that construction of Keene. I agree that the defendant is correct that to arrive at the ultimate sentence in this case, this court must uphold both of the convictions because if only one conviction stood, there'd be a 10-year maximum cap. However, once both convictions stand, what I read Keene to say is that this court will give effect to the statements that a district judge makes about the impact of a particular sentencing decision on that particular case. And here, the district judge was unambiguous. Just to be sure I understand your position, is it your position then that Keene compels this court to find, even in a situation like the one we have here, that where the district court clearly states that the sentence would be the same and explains why and it's not substantively unreasonable, that we must uphold the sentence regardless? I want to be careful about the use of the word compels. I do think there's a fair point that Keene itself did not confront the particular issue this court confronts today, which is a sentencing issue that is both partially statutory and partially guidelines-based. However, I think the fair reading of the Keene court's reasoning, as this court has extrapolated on it in subsequent decisions, is that it will give effect to the district judge's statement, which in this case would mean a remand limited to the purpose of giving effect to the district judge's statement, which would be a 10-year sentence on one of the counts and a 5-year consecutive sentence on the other. We think that Keene comfortably contemplates that ultimate outcome and that reaching that result in this case would give effect to the Keene court's admonition of avoiding pointless do-overs on remand. In this case, where the district judge was clear as to what she would do if there were a remand or if this court reached a different decision, then that is the outcome that the court would reach. And I would also note that this argument, the defendant's argument that this case is sort of outside the framework of Keene in terms of the ultimate level of the variance is a bit misplaced. While it is certainly true that this case would amount to a substantial upward variance from the guidelines range with none of the career offender items attached to it, the district court also departed downward from the defendant's guidelines range with the career offender enhancement. She ultimately imposed the 15-year statutory minimum in this case. And I would suggest that that demonstrates in this case that the district judge carefully considered the record and decided that his criminal history was significant enough that it would warrant an upward variance from a sentence that didn't contemplate ACCA at all, but that she ultimately concluded that the mandatory minimum of 15 years was appropriate in this case. 33 arrests, 13 convictions, and she had been informed he had pulled a knife on somebody in the jail, right? Yes, Your Honor. And he engaged in a lengthy in a lengthy allocution, which is included in the sentencing transcript in this case, where it's also worth noting he demonstrates an awareness of his criminal record and discusses some of his behavior with the district court. All of that matter was before the district judge's sentencing, and I think the record in this case underscores that she tried to arrive at a reasonable result that would apply with or without the ACCA enhancement. Can I turn your attention for a moment to the rehafe issue? Yes, Your Honor. So, there are a couple of parts of that, right? One part is whether there's evidence that he knew that he was a felon, and the other one is whether there's evidence that he knew that as a felon, he could not possess a gun. Right? Is that right? Yes, Your Honor. So, the evidence for the second issue, it appears, comes, I mean I guess there's the phone call from the jail, the first phone call from the jail. But then I guess the rest of it seems like it might come from the sentencing hearing. And I just wanted to get your position on, I mean I guess under Reed, your colleague said that Reed is wrong. Is it your position that we'd still have to apply it, though? Well, I guess if I could sort of unpack that question at a couple of levels. I think first, our position is that Reed is correct, and it's in keeping with the decisions that other circuits have reached on this issue. And that it makes logical sense for the court to consider the whole record. So, I want to make sure that I have a full-throated defense  If the court did it differently, it would actually flip the analysis on its head. Those defendants where the evidence is so strong that the issue is virtually uncontested would have strong re-haif claims because the evidence wasn't introduced at trial. And the reason it wasn't introduced at trial was because the evidence was overwhelming. That's why this court looks to the full record. It's because the full record gives this court a more meaningful assessment of what actually was before the parties during the district court proceedings. And here we know what was before the parties was a strong record of his felony convictions. Indeed, by my recollection, the defendant's attorney referenced that in his opening statement at the trial, that he was attempting to focus the jury on what mattered in this case, which was the knowing possession element by stipulating at Old Chief. That being said, it certainly is true that this court has a knowing possession. I mean, it certainly allows a potential inference that he was aware of his conduct. As I heard defense counsel to acknowledge to this court at oral argument today, it certainly is evidence that he knew at the time he stipulated to the conviction. And so that may well support an inference that he was aware of his criminal conduct. But I do want to be clear that it's the United States position that this court should not look just at the trial record. Indeed, if it did, that toes very closely to an almost invited error sort of analysis, whereby a defendant could exclude evidence on a particular matter at trial and then argue on appeal that essentially this court should give effect to that lack of evidence in the record. How could he exclude the evidence? Pardon, Your Honor? How could the defendant exclude the evidence if the United States did not want the defendant to exclude the evidence? Well, Your Honor, as I understand, Old Chief, by stipulating to his felony conviction at the time, it then limited our ability to introduce that evidence into the record because it simply wasn't relevant to the other issues in the case. As I read the trial record, that strategic... I thought Old Chief was if you stipulated the prior felony, you didn't get, the government didn't get to go into the details. Am I wrong about that? That's consistent with my understanding, yes, Your Honor. So it would come in by stipulation, even better than evidence. The stipulation would just be that the felony had occurred, not the why you might know about it? I think perhaps what I'm getting confused about is post-ray haif, that's correct. That analysis has now changed. The defendant couldn't exclude the evidence just by stipulating to his The question I wanted to ask, just for background, is this case, and there are many in the interim trial before ray haif, and now here we are, what's the U.S. Attorney doing going forward? That is, in every one of these cases now, are you putting on what kind of evidence? Are you putting on to show knowledge? And is it meaning that Old Chief stipulations are now undermined or not permitted because you have to be able to get some of that in to show his knowledge? So what's happening in the real world? So the short answer is I'm not entirely sure and want to be careful not to speak with too broadly, with too broad a brush, to sort of try to give that a meaningful answer. I think the ray haif court contemplated that each of the prongs in section 922G are different. As a practical matter, I don't know that ray haif has had a particularly profound impact on felon in possession convictions. I suspect, and Ms. Rogers would be more of an expert on this than us, but I suspect what's happening is stipulations, rather than prove to the jury this guy's been sentenced to 20 years before. You would include in the stipulation he's been sentenced for a felony and he knew it was a felony. That has been my logical sort of assumption of these cases. I mean, as a practical matter, many of these cases plead for the exact reason that many of these defendants have. But even if they didn't plead, you still got the Old Chief avenue. You just add to it, and he knew at the time of these alleged events that he had been convicted of a felony. I think that's exactly right, your honor. And I think practically speaking, most defendants are going to admit to their knowledge of status because the very evidence that the United States would use to prove their knowledge of status is the very type of evidence that they have long sought to exclude, namely the evidence surrounding their often significant criminal conviction history. Because that's exactly the type of history that on at least 922 G1, the United States is going to rely on to establish a particular violation. So, to sort of begin to sum up the issues in this case, there are ultimately two convictions. There was a conviction by a jury at trial, and there was a guilty plea on the second. The United States' position, both for the reasons it is expressed today and the reasons articulated in the briefs, is that both of these convictions stand and this court has jurisdiction over the case. Once this court gets to the sentencing issue, it can affirm or essentially reach the ultimate sentence in two ways. It can decide the ACCA issue both high on stint and give the district courts in this circuit guidance on how stint applies in the light of these burglary statutes. Alternatively, the court also can apply the keen analysis in this case and extend keen to these circumstances and remand the case for the limited purpose of giving effect to the court's sentence. So, with that, unless the court has further questions, I would yield the balance of my time and respectfully ask that the court affirm. Thank you, counsel. Ms. Rogers, three minutes. Can I start by asking you about the Reed issue? Don't we, I mean, I guess I have two questions. The first one is, do you agree that Reed says that under Reed we would consider the testimony at the sentencing hearing? Reed does imply that. I'm not sure Reed meant to imply that. I can't really say. That would be a huge departure from prior precedent on review of sufficiency of the evidence claims. I'm not sure if that's some sloppy writing in Reed or if that was the intent of the panel in Reed. So, let me ask you this then. If, for some reason, we did not want to read Reed that way, how would you I mean, as you know, we have our prior precedent rule, so how would you distinguish Reed? I would limit it to its facts. There was testimony by the defendant in Reed wherein, because he ran a justification defense to the 922G charge in that case, wherein he testified that he knew he was not supposed to possess a firearm. That fact, which was at trial, was not a sentencing testimony. It was trial testimony was sufficient, standing alone, to justify the outcome in Reed. I think Reed was correctly decided, just its reasoning went astray. So, here's the problem, right? Because we have case law that says when the reasoning behind a case is what compels its outcome, then we are bound to follow that reasoning in later cases. So, did you want to address that? That's a thorny issue for the court. Reed, I'm certain, I know re-hearing was just denied in Reed last week. I'm certain the lawyers in Reed will take that issue to the Supreme Court. Maybe the Supreme Court will take the issue up. That's the sort of issue the Supreme Court tends to be interested in. And certainly, if this court follows Reed, we are all going to be taking that issue to the Supreme Court. What is your best argument for why it should not, why we should not consider testimony at the time of the sentencing? And I'm just speaking with respect to the trial conviction. Under Vaughn, you can consider evidence that's sentencing in a guilty plea case. But with respect to a trial, it just simply doesn't make logical sense to because really the question in a trial case is whether the district court should have granted the motion for judgment of acquittal. How can you say that the district court could have considered what hasn't happened yet at sentencing in order to determine whether he should have granted the judgment of acquittal? It just doesn't make logical sense. If I could briefly address the Keene issue. Keene is a uniquely guidelines case. Keene holds that when there's an alternative sentence, the court doesn't even address the guidelines issue presented in the case. It just reviews for substantive reasonableness. Keene should not be expanded outside of the guidelines context. We have a harmless error standard that applies in other contexts and that is, you know, I'm not sure that helps my client in this case, but just as a matter of intellectual purity. This is a regular harmless error standard that should apply to non-guidelines issues. The sentence washed back into the guilt stage is an interesting issue. I sort of wish you had been the counsel on a capital case we've taken under submission where publicly discussed the defendant is claiming ineffective assistance of the guilt stage, which of course requires a prejudice showing. But then at the sentence stage, which he doesn't attack the effective assistance of counsel, he gets on the stand and admitted that contrary to what he said at the guilt stage, yes, I did it. Clients don't always do what we expect. It may or may not have happened in this case. It seems as though capital defendants have a proclivity for not doing what the counsel tells them. That is a fascinating issue and as you know, courts tend to, when there's a fascinating issue, to look for a way to avoid it. Thank you for your argument. Well argued on both sides. We appreciate that. Next case up is Hines v. Scottsboro Investment Group. Mr. Dunway.